Clara R. KRAUT, Plaintiff,

v.

The TRAVELERS INSURANCE COMPANY, Defendant.

The TRAVELERS INSURANCE COMPANY, Plaintiff,

v.

Clara R. KRAUT, Defendant.

United States District Court
S. D. New York.
Aug. 24, 1962.

Kagan & Myers, New York City, for plaintiff Clara R. Kraut, David Kagan, New York City, of counsel.

Terhune, Gibbons & Mulvehill, New York City, for Travelers Insurance Co., John G. Donovan, New York City, of counsel.

DIMOCK, District Judge.

These are two cases in the first of which Mrs. Clara, R. Kraut sued The Travelers Insurance Company on a policy of insurance on the life of her husband, in the amount of $40,000, dated June 2, 1960, and in the second of which the said Travelers Insurance Company sued the said Clara R. Kraut, seeking cancellation of an earlier policy on the life of Mrs. Kraut's husband in the amount of $50,000 and dated May 26, 1960. The insurer has answered in the first action alleging false statements as to health in Part 2 of the application for the policy and also that the application contained a provision that the contract should not take effect unless the first premium should be paid while the proposed insured was in good health in so far as the applicant had knowledge or information while, as a matter of fact, the insured was suffering from angina pectoris at the time of payment of the first premium.

Mrs. Kraut moves to strike out the insurer's answer under Rule 56 F.R. Civ.P., 28 U.S.C.A., on the ground that there is no defense to the action.

The insurer moves to consolidate the two actions.

The insurer moves to strike out the answer of Mrs. Kraut for failure to answer interrogatories.

Motion to strike on ground of no defense.

Mrs. Kraut's position is that the paper relied on by the insurer as Part 2 of the application and which is alleged to have contained mis-statements as to health was not actually a part of the policy and that the provision requiring good health of the insured at the time of the payment of the first premium requires only that there shall have been no change in health between the date of the application and the payment of premium.

The claim that the paper designated Part 2 was not part of the application for the policy is based upon the fact that the paper which was actually attached to the policy dated June 2, 1960, upon which

she sued, was nothing but a photostat copy of the Part 2 which was attached to the earlier policy of May 26, 1960, and that the effect of this under the New York Insurance Law was that the policy contained no Part 2.

So far as the general law of contracts is concerned, it is clear that the attached photostat would be part of the policy.

■ On May 14, 1960, Mrs. Kraut and the insured signed Part 1 of an application for the first policy for $50,000, and the insured signed Part 2 containing details as to his health. On or about May 27, 1960, the policy, with Parts 1 and 2 annexed, was delivered to Mrs. Kraut and the insured. At the time of delivery of the $50,000 policy the applicant and the insured signed an application for the second $40,000 policy. No new Part 2 was executed. Part 1 which was signed did, however, contain the provision "B. That every statement made above and in Part 2 of this application is complete and true to the best of my knowledge and belief", so that it was clearly contemplated that a paper known as "Part 2" would be part of the application. The application was delivered to the insurer, the insurer made up a policy in accordance therewith and attached a photostat of the Part 2 which the insured signed as part of the application for the first or the $50,000 policy. The policy with the just described Part 1 and Part 2 of an application was delivered to the insured and the first premium paid. The body of the policy contains the provision "This instrument and the application therefor, a copy of which is attached hereto, constitutes the entire contract between the parties hereto".

As indicated above, there can be no doubt that, if only general principles of contract law were considered, Part 2 was part of the second policy. Mrs. Kraut, however, cites section 142 subdivision 4 of the Insurance Law of the State of New York, which provides:

"No alteration of any written application for such insurance or annuity, by erasure or insertion or otherwise, shall be made by any person other than the applicant without his written consent, except that insertions may be made by the insurer for administrative purposes only in such manner as to indicate clearly that such insertions are not to be ascribed to the applicant."

She contends that the application was altered by the insertion of the photostat of Part 2. This point is without substance. Perhaps it might be said that Part 2 was inserted in the application but such insertion did not constitute an alteration thereof. The applicant and the insured at the time of the execution of Part 1 contemplated that Part 2 would be inserted. Its insertion as contemplated did not constitute an alteration.

Since Mrs. Kraut has failed in her attempt to show that the defense based upon alleged false statements in Part 2 is unfounded, nothing would be gained by a determination that the defense based upon the provision of the policy requiring good health at the time of the payment of the first premium is invalid. The motion is one for judgment for plaintiff and existence of one good defense is enough to prevent it.

The motion to strike out the insurer's answer is denied.

### Motion for consolidation.

■ The motion for consolidation is granted provided that Mrs. Kraut's right to a jury trial of the issues presented by her action against the insurer shall be preserved.

### Motion to strike for failure to answer interrogatories.

■ Counsel for Mrs. Kraut have advanced no sufficient justification for the existing default in answering interrogatories. The motion to strike out her answer is therefore granted unless within thirty days from the appearance of a note of this decision in the New York Law Journal the interrogatories are answered.

So ordered.